UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

FUNDAMENTAL LONG TERM CARE, INC.,

    Debtor,
_____/

CASE NO. 8:11-bk-22258-MGW
Chapter 7 case

BETH ANN SCHARRER, as Chapter 7 Trustee,
and TRANS HEALTH MANAGEMENT, INC.,

    Plaintiffs,

v.

EAK

TROUTMAN SANDERS, LLP, LAWRENCE
M. LEVINSON, and LEONARD GRUNSTEIN,

    Defendants,
_____/

CASE NO. 8:14-cv-01800-

## ORDER ON DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE

This cause comes before the Court on Defendants' Motion to Withdraw the Reference (Doc. 1) and Plaintiffs' Response in Opposition to Defendants' Motion to Withdraw the Reference. (Doc. 2). For reasons set forth below, Defendants' Motion to Withdraw the Reference is **DENIED** without prejudice to refile.

## PROCEDURAL HISTORY

On June 2, 2014, Plaintiffs Beth Anne Scharrer, as Chapter 7 Trustee, and Trans Health Management (hereinafter "Plaintiffs") filed their complaint against Troutman Sanders, Lawrence Levinson, and Leonard Grunstein (hereinafter "Defendants") with the bankruptcy court, alleging negligence, fraudulent concealment, fraud, and negligent supervision. (Doc. 1A). On August 8, 2014, Defendants filed their Motion to Withdraw the Reference, (hereinafter "Defendants' Motion) seeking to immediately transfer the case to this Court. (Doc. 1). Defendants argue that the reference should be withdrawn because (1) Plaintiffs' claims are non-core; (2) doing so would promote the efficient use of economic and judicial resources; and (3) Plaintiffs have demanded a jury trial. *Id.* On August 14, 2014, Plaintiffs filed their Response in Opposition to Defendants' Motion to Withdraw the Reference, (Doc. 2), claiming that an immediate withdrawal is premature and, therefore, should be granted only for purposes of jury trial and jury selection, with all pretrial matters to be handled by the bankruptcy court. *Id.* Plaintiffs claim that Defendants have failed to show good cause for the immediate withdrawal of the reference and that they cannot show they will suffer any measurable injury or prejudice if the proceeding is not withdrawn now. *Id.* Plaintiffs further claim that the bankruptcy court can effectively manage this proceeding in all pretrial matters and is the most logical and efficient forum for this proceeding. *Id.* Because the determining factors weigh in favor of keeping the case in the bankruptcy court for purposes of all pretrial matters, Defendants' Motion is **DENIED** without prejudice to refile.

## APPLICABLE STANDARD

Title 28 U.S.C. § 157(d) creates two distinct forms of withdrawal: mandatory and permissive. *In re TPI Int'l Airways*, 222 B.R. 663, 667 (S.D. Ga. 1998). Withdrawal is mandatory "'when complicated interpretive issues, often of first impression, have been raised under non-Title 11 federal laws,' or when there is a conflict between the bankruptcy and other federal law." *Id.* (quoting *In re C-TC 9th Ave. Partnership*, 177 B.R. 760, 764 (N.D. N.Y 1995)). Because the bankruptcy court is not faced with any novel or complex issues of non-bankruptcy federal law, the Court notes that the issue this Court must determine includes only permissive withdrawal, and not mandatory withdrawal.

A district court may permissively withdraw a reference to the bankruptcy court, in whole or in part, "on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). "[W]hen making a determination of whether sufficient cause exists, a district court should consider the advancement of uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process." *Control Center, LLC v. Lauer*, 288 B.R. 269, 274 (M.D. Fla. 2002) (citing *In re Simmons*, 200 F.3d 738, 742 (11th Cir. 2000)). Additional factors a court should consider include: "(1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4) prevention of delay." *Id.* (citing *In re Hvide Marine Towing, Inc.*, 248 B.R. 841, 844 (M.D. Fla. 2000)). Permissive withdrawal is within the discretion of

the district court, *see In re TPI Int'l Airways*, 222 B.R. at 668, and the burden of establishing cause for permissive withdrawal is on the movant—here, the Defendants.

## DISCUSSION

Defendants contend that the reference should be withdrawn at this time because (1) the Plaintiffs' claims are non-core; (2) the District Court is familiar with these proceedings, thereby ensuring that economic and judicial resources will be saved by immediately withdrawing the reference; and (3) the Plaintiffs have demanded a jury trial. (Doc. 1).

The Bankruptcy Code divides claims into two principal categories: "core" claims and "non-core" claims. 28 U.S.C. §§ 157(b)(1), (c)(1). Core proceedings are those matters "arising under title 11, or arising in a case under title 11," while non-core proceedings are matters otherwise related to the bankruptcy estate. *In re Toledo*, 170 F.3d 1340, 1349 (11th Cir. 1999). In core proceedings, a bankruptcy judge may enter a final judgment; but in non-core proceedings, the bankruptcy judge "must propose findings of fact and conclusions of law." *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2172 (2014); *see Stern v. Marshall*, 131 S. Ct. 2594, 2614 (2011) (explaining that Article I courts are prohibited from entering final, binding judgments on common law causes of action absent the parties' consent). While the bankruptcy judge is responsible for determining whether a proceeding is core or non-core, 28 U.S.C. § 157(b)(3), both parties concede that this proceeding is non-core.

"[A] determination that a proceeding is non-core weighs in favor of transferring the matter to a district court." *Control Center*, 288 B.R. at 275. This is because in a non-core proceeding, absent the parties' consent, the bankruptcy judge cannot enter a final

judgment, and the district court will need to review the bankruptcy judge's proposed findings of fact and conclusions of law *de novo*. *Arkison*, 134 S. Ct. at 2172. This fact alone, however, does not persuade this Court to withdraw the reference now rather than after all pretrial matters. Allowing this adversary proceeding to continue in the bankruptcy court for all pretrial matters advances uniformity in administration of the bankruptcy case, decreases forum shopping, and promotes the efficient use of judicial resources.

Defendants' second argument is that withdrawing the reference now promotes the efficient use of economic and judicial resources. (Doc. 1). Part of the Defendants argument is that adjudication of the matter by the district court in the first instance would be more efficient, because all dispositive motions will be subject to the district court's *de novo* review. *Id.* Therefore, Defendants' argument is that because this Court will eventually review the case *de novo*, this Court should bypass the bankruptcy court entirely now. "If accepted, this kind of reductionist reasoning would result in the reference *always* being withdrawn from the Bankruptcy Court in the name of efficiency because of the omnipresent possibility of appeal." *In re Tate*, 2010 WL 320488, at *10 (S.D. Ala. 2010). "Without more, this argument carries little, if any, weight in favor of withdrawal." *In re H&W Motor Express Co.*, 343 B.R. 208, 215 (N.C. Iowa 2006).

The bankruptcy court is also already at an informational advantage as a result of two and a half years of litigation. Withdrawal of the reference now would require this Court to familiarize itself with the record of the bankruptcy case—roughly thirty months of litigation and motion practice resulting in fourteen reported decisions that the

bankruptcy court is already familiar with. Therefore, keeping the proceeding in the bankruptcy court for all pre-trial matters promotes the efficient use of judicial resources.

Defendants' final argument is that the reference should be withdrawn now because Plaintiffs have demanded a jury trial. (Doc. 1). Jury trials are only permitted in bankruptcy courts when all parties consent, 28 U.S.C. § 157(e), and Defendants, of course, do not consent to the bankruptcy court conducting the jury trial in this matter. (Doc. 1). However, "'a court may wait until the case is ready to go to trial before withdrawing the reference' because 'allowing the bankruptcy court to resolve pretrial issues and enter findings of facts and recommendations of law on dispositive issues is consistent with Congress' intent to let expert bankruptcy judges determine bankruptcy matters to the greatest extent possible.'" *Frank v. Lake Worth Utilities*, 2011 WL 2600687, at *1 (S.D. Fla. 2011) (quoting *In re Dreis & Krump Mfg. Co.*, 1995 WL 41416 (N.D. Ill. 1995)).

A demand for a jury trial in a non-core matter in itself may provide sufficient cause to withdraw the reference. *In re Dreis*, 1995 WL 41416, at *3. However, "even if withdrawal is appropriate, a district court can allow the bankruptcy court to retain jurisdiction to address all pretrial matters, from discovery through dispositive motions." *In re Gunnallen Financial, Inc.*, 2011 WL 398054, at *4 (M.D. Fla. 2011) (citing *In re Stone*, 2010 WL 5069698, at *1 (M.D. Fla. 2010) (finding that the case did not need to be immediately withdrawn from the bankruptcy court and that the bankruptcy court could handle all pretrial matters); *In re Ausburn*, 2010 WL 5128332, at *2 (M.D. Fla. 2010) (same); *In re Tate*, 2010 WL 320488, at *9 (same); *In re Southwest Fla. Heart Group, PA*, 2007 WL 924472, at *2 (M.D. Fla. 2007) (stating that judicial resources, as well as

the parties' resources, would be best conserved by having the bankruptcy court address all preliminary matters in the case)). Permitting the bankruptcy court to retain jurisdiction to address all pretrial matters promotes uniformity in administration of the bankruptcy case, decreases forum shopping, and promotes the efficient use of economic and judicial resources. Accordingly it is

**ORDERED** that Defendants' Motion to Withdraw the Reference is **DENIED** without prejudice to refile at the time of trial. The Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of September, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

Copies to: All Parties and Counsel of Record